**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**RICKY HOWARD**     **PLAINTIFF**

**VS.**     **CIVIL ACTION NO. 5:12cv61-KS-MTP**

**CHRISTOPHER EPPS, ET AL.**     **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Motion to Dismiss [28] filed by Warden Walker and the Motion for Summary Judgment [25] filed by Christopher Epps. Having considered the motions and the applicable law, the undersigned recommends that Warden Walker's Motion to Dismiss [28] be granted and that this matter be dismissed without prejudice, and that Christopher Epps's Motion for Summary Judgment [25] be denied as moot.

### Factual Background

Plaintiff Ricky Howard, proceeding *pro se* and *in forma pauperis,* filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on May 7, 2012. Plaintiff alleges that he was denied and/or delayed adequate medical treatment by Dr. Casey in violation of the Eighth Amendment.[1] Plaintiff alleges that Defendant Gabriel Walker, Warden at the Wilkinson County Correctional Facility ("WCCF"), is legally responsible for the operation of WCCF and for the welfare of all inmates housed there. Likewise, he claims that Commissioner Christopher Epps is legally responsible for the overall operation of the Mississippi Department of Corrections ("MDOC") and its institutions.

---

[1]The summons for Dr. Casey was returned unexecuted, indicating Dr. Casey no longer works at the Wilkinson County Correctional Facility. *See* Return [13].

## Standard

Because Defendant Walker has submitted matters outside the pleadings with his Motion to Dismiss [28], the motion should be characterized as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991). This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712.

## Analysis

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't*, No. 06-20935, 2008 WL 116333, at *1

(5th Cir. Jan. 11, 2008) (stating that under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85. Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

"Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon*, 596 F.3d at 266. The Fifth Circuit has held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* at 272.

Miss. Code Ann. § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an offender may seek formal review of a complaint relating to any aspect of their incarceration. *See* Ex. 1 and Ex. A to Ex. 1 to Motion [28-1]. The ARP is a two-step process.[2] Inmates are required to initially submit their grievances in writing to the Legal Claims Adjudicator within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the

---

[2] Effective September 19, 2010, the ARP process was changed from a three-step process to a two-step appeal process. *See Gates v. Barbour*, No. 4:71cv6–JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010); *Threadgill v. Moore*, No. 3:10–CV–378–TSL–MTP, 2011 WL 4388832, at *3 n.6 (S.D. Miss. July 25, 2011).

appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may continue to the Second Step by using ARP Form ARP-2 and sending it to the Legal Claims Adjudicator. A final decision will be made by the Superintendent, Warden or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court. *See* Ex. 1 and Ex. A to Ex. 1 to Motion [28-1]; *see also Cannady v. Epps*, No. 3:04cv107-HTW-JCS, 2006 WL 1676141, at *1 (S.D. Miss. June 15, 2006). The MDOC's ARP program received court approval in *Gates v. Collier*, GC 71-6-S-D (N.D. Miss. February 15, 1994). *See Marshall v. Price*, 239 F.3d 365, 2000 WL 1741549, at *1 (5th Cir. Nov. 6, 2000).

Defendant Walker claims that Plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies. According to the affidavit of Janice Fountain, ARP Clerk at WCCF, she "thoroughly reviewed the WCCF ARP records regarding Ricky Howard . . . [and] Mr. Howard has never filed any grievance concerning any of the matters alleged in his Complaint and has therefore failed to exhaust his administrative remedies." Ex. 1 to Motion [28-1] at 2.

Plaintiff failed to respond to Defendant's Motion [28] despite an Order [32] from the court directing him to do so and a subsequent Order [35] granting him an extension of time to respond. Thus, Plaintiff has failed to rebut the sworn statements of Ms. Fountain set forth above. In his complaint, Plaintiff states that he "filed an ARP and could not get a response for relief requested." Complaint [1] at 3, ¶ E. In his Amended Complaint, Plaintiff states that he "filed a grievance with (W.C.C.F.) to no prevail, concerning his injuries and damages . . ." resulting from the events alleged in the complaint. Amended Complaint [4] at 5. He further alleges that he

lacks knowledge of the grievance procedure and was denied his first step from Defendants "and Plaintiff could not proceed to step two, for the Defendant(s) had knowledge of Plaintiff['s] serious injurie (sic) to his jaw/bone being broke and the defendant(s) should had (sic) granted plaintiff (sic) first step and the relief requested and was denied." *Id.* However, Plaintiff failed to attach any ARP documents to his complaints to support his alleged attempts to exhaust his administrative remedies and did not respond to the Motion [28] or file any competent evidence to address the exhaustion issue.

Based on the record before the court, Plaintiff has failed to exhaust his administrative remedies for the claims alleged in his complaint. *See Lane*, 2008 WL 116333 at *1 (affirming dismissal of prisoner complaint for failure to exhaust administrative remedies by failing to complete administrative review process); *Kidd v. Livingston*, No. 11–40492, 2012 WL 614372, at *1 (5th Cir. Feb. 28, 2012) ("Because he filed a procedurally defective Step–2 appeal, [inmate] failed to satisfy the exhaustion requirement."); *Agee v. Berkebile*, No. 3:07-CV-1070-B ECF, 2008 WL 199906, at *3 (N.D. Tex. Jan. 24, 2008) (holding that by failing to resubmit a corrected version of procedurally defective grievance, prisoner "voluntarily halted the administrative process prematurely" and therefore did not exhaust his administrative remedies); *see also Brown v. Burnett*, No. 6:09cv156, 2010 WL 1997777, at *3 (E.D. Tex. May 17, 2010) (holding that plaintiff's allegations were "wholly conclusory and thus insufficient to evade the exhaustion requirement").

Moreover, Plaintiff has failed to demonstrate that he should otherwise be excused from

the requirement to exhaust.[3]  As stated by the United States Supreme Court:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.  The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.  A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Woodford*, 548 U.S. at 95.  Accordingly, Defendant's Motion [28] should be granted and this action should be dismissed.

## Recommendation

For the foregoing reasons, the undersigned recommends that Defendant Walker's Motion to Dismiss for Failure to Exhaust [28] be granted, and that this action be dismissed without prejudice.[4]  The undersigned recommends that Defendant Epps's Motion for Summary Judgment

---

[3]The Fifth Circuit has recognized that the exhaustion requirement may be excused in "circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy." *Johnson*, 261 F. App'x at 755 (citing *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)).  Further, a prisoner's failure to exhaust "may be excused where dismissal would be inefficient or would not further the interests of justice or the purposes of the exhaustion requirement." *Id*. (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *overruled on other grounds by Carbe v. Lappin*, 492 F.3d 325 (5th Cir. 2007)).

[4]Although Defendant Dr. Casey is not before the court and did not join in Defendant's Motion to Dismiss [28], he inures to the benefit of the affirmative defense of exhaustion raised in Defendant's Motion [28].  *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (allowing defaulting defendants to benefit from the moving defendants' favorable motion for summary judgment); *Blake v. McCormick*, No. 5:06cv273, 2007 WL 1671732, at *5 (S.D. Tex. June 8, 2007) (holding that the affirmative defense of exhaustion raised by the defendants in their motions for summary judgment "inures to the benefit of any unserved or defaulting defendants").

Likewise, although Christopher Epps did not move to dismiss on the basis of Plaintiff's failure to exhaust, he did raise exhaustion as an affirmative defense in his Answer.  *See* Answer and Defenses [16] at 4.  Because the arguments in Defendant Walker's Motion [28] apply equally to Christopher Epps and the claims raised against him, the court's judgment should apply equally to Mr. Epps.  *See Williams v. Jefferson Cnty. Circuit Court Clerk*, 33 F. App'x 763, 764

[25] be denied as moot.

## Notice of Right to Object

In accordance with the rules of 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this Recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the Magistrate Judge, and the opposing party. The District Judge may at that time accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or the District Judge may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Court to which the party has not objected. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 22nd day of April, 2013.

s/ Michael T. Parker
United States Magistrate Judge

---

(6th Cir. 2002) (affirming district court's *sua sponte* dismissal of non-moving defendants for plaintiff's failure to exhaust, where several other defendants moved to dismiss the complaint because plaintiff failed to exhaust his administrative remedies); *Jones v. Bishop*, No. CV–09–0150–JLQ, 2010 WL 4628067, at *9 (E.D. Cal. Nov. 5, 2010); *Ford v. Page*, No. 00 C 4592, 2002 WL 31818996, at *6 n.4 (N.D. Ill. Dec. 13, 2002); *see also Coleman v. Ilderton*, No. 3:05-CV-459 RM, 2006 WL 572195, at *2 (N.D. Ind. Mar. 6, 2006) (holding that exhaustion defense asserted by moving party applied equally to non-moving defendant since he preserved exhaustion as an affirmative defense).